IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN C. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 15-140-GMS |
| | ) | |
| DANA METZGER, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

John C. Johnson. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

_____Dec 18_____, 2017
Wilmington, Delaware

---

[1]Warden Dana Metzger has replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an amended petition filed by petitioner John Johnson ("Johnson"). (D.I. 1; D.I. 11) The State filed an answer in opposition. (D.I. 19) For the following reasons, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

### A. Aggravated Menacing Conviction

In September 1997, Johnson was indicted and charged with aggravated menacing, two counts of possession of a firearm during the commission of a felony ("PFDCF"), second degree assault, and first degree reckless endangering. (D.I. 19 at 2) On March 23, 1998, he pled guilty to aggravated menacing, in exchange for which the State dismissed the balance of the indictment. *Id.* Johnson was seventeen years old when he committed the offenses, but he was eighteen years old when he was indicted and pled guilty. (D.I. 21 at 267) The Superior Court sentenced him to twenty four months at Level V imprisonment, suspended for twenty four months at Level III probation. (D.I. 19 at 2)

In June 1998, the Superior Court found that Johnson had violated his probation ("VOP") and sentenced him to twenty four months at Level V, suspended for twenty four months at Level IV home confinement, which, in turn, was suspended after six months for eighteen months at Level III. (D.I. 19 at 2) In December 1999, the Superior Court found that Johnson had committed a second VOP and sentenced him to one year at Level V. *Id.*

In July 2010, Johnson filed a petition for a writ of error *coram nobis*, which the Delaware Supreme Court dismissed on August 31, 2010. (D.I. 21 at 295); *see In re Johnson*, 3 A.3d 1097 (Table), 2010 WL 3420371 (Del. Aug. 31, 2010). On February 6, 2013, Johnson filed a motion

for correction of sentence, which the Superior Court denied on February 22, 2013. (D.I. 19 at 2) On March 7, 2013, Johnson filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *Id.* The Superior Court denied the Rule 61 motion on June 17, 2013, and the Delaware Supreme Court affirmed that decision on May 28, 2014. *See Johnson v. State*, 93 A.3d 654 (Table), 2014 WL 2463047 (Del. May 28, 2014).

### B. Murder/PFDCF Conviction

In October 1999, Johnson was indicted and charged with first degree murder, PFDCF, and possession of a deadly weapon by a person prohibited. (D.I. 19 at 3) He pled guilty to PFDCF and the lesser included offense of second degree murder on May 8, 2001, and he was sentenced on July 12, 2001 as follows: for the second degree murder conviction, twenty years at Level V, suspended after seventeen years for decreasing levels of supervision, and for the PFDCF conviction, ten years at Level V. *Id.*

On May 9, 2008, Johnson filed a Rule 61 motion, which the Superior Court denied on March 31, 2009. (D.I. 19 at 3) The Delaware Supreme Court affirmed that decision on September 4, 2008. *See State v. Johnson*, 2009 WL 866180 (Del. Super. Ct. Mar. 31, 2009); *Johnson v. State*, 979 A.2d 1111 (Table), 2009 WL 2860974 (Del. Sept. 4, 2009).

Johnson filed a second Rule 61 motion on March 18, 2013, which the Superior Court denied on January 17, 2014. *See State v. Johnson*, 2014 WL 595436 (Del. Super. Ct. Jan. 17, 2014). The Delaware Supreme Court affirmed that decision on March 6, 2014. *See Johnson v. State*, 86 A.3d 1119 (Table), 2014 WL 982395 (Del. Mar. 6, 2014).

Johnson filed a habeas petition in this court in January 2015, and then he filed an amended petition in August 2015. Together, these filings (hereinafter referred to as "petition")

present two general arguments: (1) Johnson was a juvenile when he committed the aggravated menacing offense leading to his 1998 conviction, demonstrating that his 1998 aggravated menacing conviction was illegal because the Superior Court does not have jurisdiction over juveniles cases (D.I. 1); and (2) the sentence for his 2001 PFDCF conviction should be vacated because it was improperly "enhanced" on the basis of the illegal 1998 aggravated menacing conviction (D.I. 11). More specifically, the petition asserts the following six claims: (1) the Superior Court lacked jurisdiction over the aggravated menacing case because Johnson was a juvenile when he committed the offense;[2] (2) defense counsel provided ineffective assistance by allowing the Superior Court to preside over his aggravated menacing case; (3) defense counsel provided ineffective assistance during the aggravated menacing case by failing to subject the State's case to adversarial testing; (4) defense counsel provided ineffective assistance during the plea negotiations in his murder case by failing to seek a decision on the motion to strike the death penalty as a potential sentence and by failing to inform Johnson that his 1998 aggravated menacing conviction could cause him to be classified as a habitual offender and/or cause the sentence for his murder conviction to be "enhanced";[3] (5) he would not have entered a guilty

---

[2]It appears that Johnson was seventeen years old when he committed the offenses leading to his 1998 aggravated menacing conviction, but he was eighteen years old at the time of his arrest. (D.I. 21 at 348, 391) In Delaware, the defendant's age at the time of his arrest, not at the time of the offense, dictates which court should have jurisdiction. (D.I. 21 at 349); see also Hughes v. State, 653 A.2d 241, 250 (Del. 1994).

[3]Although the sentence order for Johnson's 2001 convictions refers to him as a habitual offender (D.I. 21 at 242), it appears that the reference was a mistake. For instance, the record clearly demonstrates that the State never filed a motion requesting habitual offender status for Johnson, and the Superior Court never issued an order characterizing him as a habitual offender. The record also indicates that Johnson's 1998 aggravated menacing conviction was not used to "enhance" the minimum mandatory sentence for the 2001 PFDCF conviction related to his murder conviction. According to the sentencing transcript, the sentencing court decided against

3

plea in his murder case if he knew that the death penalty was not a possibility and that there was a possibility he could be classified as a habitual offender; and (6) defense counsel provided ineffective assistance during sentencing for Johnson's 2001 murder/PFDCF convictions by failing to challenge the habitual offender classification. (D.I. 1; D.I. 11)

The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 19)

## II.  ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). As a general rule, a petitioner must bring a separate habeas petition for each conviction being challenged. *See* Rule 2(e), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. However, in this case, a petition challenging Johnson's 1998 aggravated menacing conviction would be summarily dismissed because he is no longer in custody pursuant to the sentence imposed for that conviction. (D.I. 21 at 113) Moreover, although Johnson alleges that his 1998 aggravated menacing conviction is illegal because he was a juvenile when he committed the offense, his real argument is that the sentence for his 2001 PFDCF conviction was improperly "enhanced" as a result of the 1998 aggravated menacing conviction. Given the inter-related nature of the arguments and the inability to bring a separate sustainable action for his

---

"enhancing" the minimum mandatory sentence to five years and instead concluded that the applicable minimum mandatory sentence was three years. (D.I. 21 at 65, 68, 132-135, 184)

1998 conviction, the court will permit all of Johnson's claims to be brought in the instant petition.[4]

In addition, AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Johnson's petition, filed in 2015, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Johnson does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (C). Although Johnson asserts that he is entitled to a later starting date under § 2244(d)(1)(D), the court is not persuaded. First, Johnson does not clearly identify the "factual predicate" warranting a later starting date. (D.I. 22 at 2) Second, to the extent he believes his discovery in August 2010 regarding the Delaware courts' abolishment of the writ of error *coram nobis* provides the "factual predicate" for his claims (D.I. 22 at 3), he is mistaken. According to Third Circuit precedent, the "factual

---

[4]This decision is limited to the unique circumstances of this case.

predicate" of "a petitioner's claims constitutes the 'vital facts' underlying claims." *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007). Clearly, the date on which Johnson learned about the abolition of a potential **legal** procedural vehicle for pursuing his post-conviction rights does not constitute a "**factual** predicate" for any of his claims. Thus, for all of these reasons, the one-year period of limitations in this case began to run when Johnson's conviction became final under § 2244(d)(1)(A). The court notes that it will use Johnson's 2001 conviction for murder/PFDCF as the relevant conviction for determining the starting date of AEDPA's limitations period.

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year limitations period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Johnson for his murder conviction on July 12, 2001, and he did not appeal. Therefore, Johnson's conviction became final on August 13, 2001.[5] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Johnson had to file his § 2254 petition by August 13, 2002. *See Nunez v. California*, 2014 WL 809206, at *3 n. 9 (N.D. Ohio Feb. 25, 2014)(explaining "[e]very federal circuit that has addressed the issue has concluded that

---

[5]The thirty-day appeal period actually expired on August 12, 2001, which was a Sunday. Therefore, Johnson had until the end of the day on Monday, August 13, 2001, to file an appeal. *See* Del. Sup. Ct. R. 11(a).

6

[the] method in [in Fed. R. Civ. P. 6], *i.e.*, the 'anniversary' method,[6] for calculating a time period applies to [] AEDPA's one-year limitation period."); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Johnson did not file the instant § 2254 petition until January 29, 2015,[7] approximately twelve and one-half years after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). The earliest post-conviction motion filed in either of Johnson's two cases involved in this proceeding (1998 aggravated menacing and 2001 murder/PFDCF) is the Rule 61 motion filed in his 2001 murder/PFDCF case on May 9, 2008. However, the May 9, 2008 Rule 61 motion does not trigger statutory tolling because it was filed almost six full years after the expiration of

---

[6]"Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . .' the triggering event to file a federal habeas petition." *Nunez*, 2014 WL 809206, at *3 n. 9.

[7]Pursuant to the prisoner mailbox rule, the court adopts January 29, 2015 as the filing date because that is the date Johnson placed the petition in the prison mailing system. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

AEDPA's limitations period. The other post-conviction motions in Johnson's two state criminal cases also do not trigger statutory tolling because they were filed even later than May 9, 2008. Consequently, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

## B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Johnson concedes that the petition is time-barred, but contends the limitations period should be equitably tolled for the following reasons: (1) he was "totally prevented from the right to attack his juvenile charges that resulted in the Superior Court's aggravated menacing conviction [because] he was under the mistaken misapprehension on how jurisdiction is transferred" from Family Court to the Superior Court (D.I. 22 at 3-4); (2) defense counsel's failure to explain that he would be subject to a sentence ranging from thirteen to forty years, not

8

thirteen years flat, constitutes "egregious attorney misconduct" warranting equitable tolling (D.I. 22 at 6-7); and (3) Johnson mistakenly asserted his rights in the wrong forum (D.I. 22 at 7). Reasons one and two basically re-state arguments raised in the petition and do not amount to extraordinary circumstances for equitable tolling purposes. As for reason three, to the extent Johnson refers to his filing of a petition for a writ of *coram nobis* in July 2010 to demonstrate that he "mistakenly asserted his rights in the wrong forum", the argument is unsuccessful. Johnson's failure to use the appropriate procedural vehicle to pursue his post-conviction rights in the state courts is more akin to legal ignorance. More importantly, however, even if Johnson's pursuit of *coram nobis* relief could somehow be characterized as pursuing his rights in the wrong forum, he did not timely pursue that relief. Johnson filed the petition for a writ of *coram nobis* in July 2010, which was eight years after the expiration of AEDPA's limitations period, and seven years after his murder/PFDCF conviction.

To the extent Johnson attempts to trigger equitable tolling under *Martinez v. Ryan*, 566 U.S. 1 (2012) by alleging he was prevented from pursuing potential avenues of relief because the Delaware courts did not automatically appoint counsel to assist him in his post-conviction proceedings, the attempt is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period.

The court also cannot conclude that Johnson exercised the requisite "due diligence" to warrant equitably tolling the limitations period in this case. As previously mentioned, Johnson filed his first Rule 61 motion on May 9, 2008, which was approximately four years after his deadline for filing a timely Rule 61 motion in Delaware (under former Rule 61's three year

limitations period), and six years after AEDPA's limitations period had expired. This delay precludes Johnson from demonstrating that he exercised the requisite "due diligence" to warrant equitable tolling.

Finally, to the extent Johnson's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the petition as time-barred.[8]

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Johnson's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

---

[8]Given the court's conclusion that the petition is time-barred, it will not address the State's alternate reasons for denying the petition.

10

## IV. CONCLUSION

For the reasons discussed, the court will deny Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without an evidentiary hearing. An appropriate order will be entered.